RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE    1    11    06
BY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus    CRIMINAL NUMBER 05-50066-01
          JUDGE TOM STAGG

CHEVELL HAMILTON

## MEMORANDUM RULING

Before the court is a motion to exclude fingerprint evidence filed by defendant Chevell Hamilton ("Hamilton") in the above-captioned matter. See Record Document 164. For the reasons that follow, Hamilton's motion is **DENIED**.

### A.  Facts.

Hamilton has been charged in ten counts of a sixteen count indictment with knowingly and intentionally conspiring to possess with the intent to distribute 500 grams or more of cocaine powder; knowingly and intentionally conspiring to possess with the intent to distribute 50 grams and more of crack cocaine; knowingly and intentionally possessing with the intent to distribute 5 grams and more of crack cocaine; possessing and carrying firearms during, in relation to, and in furtherance of drug trafficking crimes; and knowingly and intentionally using a communication facility (a telephone) in causing or facilitating the commission of conspiracy to possess with the intent to distribute cocaine. See Record Document 84. Hamilton moves the court for an order excluding any fingerprint evidence against him. He

argues that this evidence should be excluded for several reasons, including that the notice of intent to introduce this evidence was inadequate, that the analysis of fingerprints is unscientific and that evidence of fingerprint analysis fails the balancing test required under Federal Rule of Evidence 403.

**B. Application Of The Law.**

    **1. Inadequate Notice.**

Hamilton first contends that the government provided inadequate notice of intent to use the fingerprint evidence at issue. The government's response to Hamilton's motion to exclude indicates that the notice has been supplemented[1] and thus this argument is likely **MOOT**.

    **2. Scientific Nature Of Fingerprint Evidence And Relevance.**

Hamilton next argues that fingerprint evidence is not "scientific." This argument mandates little substantive examination. General research reveals *numerous* Fifth Circuit cases approving the use of fingerprint evidence in criminal cases. Hamilton's extensively detailed brief regarding the inherent unreliable nature of fingerprint evidence is unconvincing. However, even a brief analysis under Daubert reveals that his argument is flawed.

Federal Rule of Evidence 702 requires the trial judge to serve as a "gatekeeper" to ensure that "scientific testimony or evidence admitted is not only relevant but reliable." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S.

---

[1] The government, however, did not concede that its notice was inadequate nor does the court make such a finding here.

2

579, 589, 113 S. Ct. 2786, 2795 (1993). When the court is "faced with a proffer of expert testimony, the trial judge must determine at the outset, pursuant to [Federal Rule of Evidence] 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Id. at 592, 113 S. Ct. at 2796. When determining whether evidence meets Daubert's "scientific knowledge" requirement the court may consider many factors including but not limited to the following: (1) whether the expert's theory or technique can be or has been tested; (2) the known or potential rate of error of the theory or technique; (3) whether standards controlling the technique's operation exist and are maintained; (4) the level of general acceptance of the theory or technique within the relevant community; and (5) whether the theory or technique has been subjected to peer review and publication. See id. at 593-94, 113 S. Ct. at 2796-97. The court's discretion extends beyond its ability to determine the reliability of expert evidence or testimony; the court may also decide to forego reliability proceedings "where the reliability of an expert's methods is properly taken for granted." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152, 119 S. Ct. 1167, 1176 (1999).

In this case, Hamilton requests that the court prohibit the government from introducing latent fingerprint evidence as to Hamilton's alleged fingerprint located on a CD case found on the front passenger seat of a car connecting him to the crimes for which he has been indicted. Specifically, Hamilton asserts that latent fingerprint analysis is an unreliable method of identifying potential suspects. The court disagrees with Hamilton's assessment. Fingerprint analysis is a widely accepted

investigative device that has assisted law enforcement's ability to identify perpetrators of crimes for over a century. Over this century, fingerprint identification has been refined into a highly useful tool and its techniques have been employed in virtually thousands of trials. Other than a few commentators that have raised questions and have called for further study of the reliability of the procedures involved in this form of analysis, Hamilton has offered the court little evidence to refute the general acceptance that fingerprint identification enjoys.

Because the evidence that the government's expert witnesses will testify to qualifies as "scientific knowledge" and because allowing this evidence in will be useful in assisting the trier of fact in identifying whether or not Hamilton was involved in the crime, this court is unwilling to preclude the government from introducing this form of evidence. Hamilton will have ample opportunity to cross-examine the government's experts at length in relation to the specific methods employed and the strength of the conclusions reached by their analyses. The court finds that an evidentiary hearing on this topic is unnecessary. See United States v. Joseph, No. 99-238, 2001 WL 515213, *1 (E.D. La. May 14, 2001) (holding that an evidentiary hearing was not necessary because "fingerprint analysis has been tested and proven to be a reliable science over decades of use for judicial purposes").

3. **Balancing Under Federal Rule Of Evidence 403.**

When confronted with potentially prejudicial evidence, this court must conduct a balancing test under Federal Rule of Evidence 403 to determine whether the

probative value of the evidence is outweighed by its undue prejudicial effect. See Fed. R. Evid. 403; United States v. Alarcon, 261 F.3d 416, 424 (5th Cir. 2001). Hamilton boldly asserts that "[t]he risk of undue prejudice and confusion is especially great when it comes to latent fingerprint identification." Record Document 164 at 43. He supports this assertion by stating that "[l]atent fingerprint identifications are not scientifically supported and there are substantial questions regarding their reliability." Id. at 43-44. The government, however contends that the evidence is "corroborative in nature and, when linked with other evidence to be adduced at trial, will form a strong chain binding the defendant to the crime charged." Record Document 172 at 3-4.

The court has found that latent fingerprint identifications are sufficiently scientifically supported and reliable to be admitted, without a hearing, under Daubert. This court further finds that the probative value of this evidence is not outweighed by any undue prejudicial effect.

### III. CONCLUSION

Based on the foregoing reasons, Hamilton's motion to exclude fingerprint evidence (Record Document 164) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 10th day of January, 2006.

JUDGE TOM STAGG